**Ravella STEWART, Appellant,**

v.

**Kennis Marion MARTIN, Appellee.**

Court of Appeals of Kentucky.

Sept. 22, 1961.

Baird & Hays, Pikeville, for appellant.

Harold Stumbo, Prestonsburg, for appellee.

CULLEN, Commissioner.

Kennis Martin recovered judgment upon a jury verdict against Ravella Stewart, in the amount of $4,560, as damages for personal injuries sustained when Stewart's automobile, in which Martin was riding as a passenger, was involved in an accident in Ohio. Appealing, Stewart maintains that his motions for a directed verdict and for judgment notwithstanding the verdict should have been sustained because Martin was a nonpaying guest in the automobile within the meaning of the Ohio statute which bars recovery by such a guest against the owner or operator except in case of wilful or wanton misconduct of the latter, and Martin presented no proof of such misconduct.

Martin and Stewart, who were distant relatives, resided near each other in Floyd County, Kentucky. The purpose of their trip to Ohio was for each to seek employment there. They had talked about taking such a trip several times but never discussed anything about payment or sharing of expenses by Martin or any contribution by him by way of compensation for his transportation. Before they left Floyd County Martin purchased some gasoline for the car, and he testified on the trial that he "intended" to pay for all the gasoline, but that there was no agreement about it. Other gasoline was bought on the trip but Martin did not remember whether or not he paid for it. Martin drove the car for awhile when Stewart said he was tired, but there was no agreement or understanding at the start of the trip that Martin would share the driving burden. Some food was purchased on the way but Martin did not remember whether or not he paid for it.

■ The incidental and casual contributions made by Martin and the circumstances attending the trip were not such as to raise any inference that the two men intended Martin to have the status of a paying passenger. Under the decisions in Hasbrook v. Wingate, 152 Ohio St. 50, 87 N.E.2d 87, 10 A.L.R.2d 1342, Birmelin v. Gist, 162 Ohio St. 98, 120 N.E.2d 711, Huguenot v. Scaff, Ky., 294 S.W.2d 547, and Carter v. Driver, Ky., 316 S.W.2d 378, Martin must be considered to have been a nonpaying guest within the meaning of the Ohio statute, R.C. § 4515.02.

Martin suggests that because each of the men was seeking a job the trip was for their mutual interest and common benefit and was a joint business venture, so as to render the guest statute inapplicable even though Martin was not a "paying" passenger. This proposition is not sustainable. In Hasbrook v. Wingate, 152 Ohio St. 50,

87 N.E.2d 87, 93, 10 A.L.R.2d 1342, where the driver and passenger were on their way to work at their common place of employment, the court said:

"* * * they were in no sense joint adventurers having a mutual business interest in the trip. Although each was making the trip for his own business purpose, the trip had no common business aspect which affected both parties jointly or the status of the plaintiff."

Likewise, in Carter v. Driver, Ky., 316 S.W. 2d 378, where several independent used car dealers made a trip from Kentucky into Illinois to purchase used cars for their respective businesses, it was held that the trip was not for the promotion of the mutual interests of the parties and that the Illinois guest statute (Ill.Rev.Stat.1955, c. 95½, § 58a) applied.

■ Being in the status of a "guest" within the meaning of the Ohio statute, it was incumbent upon Martin to prove wilful or wanton misconduct on the part of Stewart. Apparently believing that he could rely on the doctrine of res ipsa loquitur, Martin offered no proof at all as to the circumstances of the accident. As far as the record shows the accident may have resulted from an airplane falling from the sky upon the automobile. It is doubtful whether Martin produced enough evidence to have warranted the invoking of the res ipsa loquitur doctrine even to establish ordinary negligence, but in any event it is settled that the doctrine is never available to establish wilful or wanton misconduct. Carter v. Driver, Ky., 316 S.W.2d 378.

The judgment is reversed with directions to enter judgment for the defendant in accordance with his motion for judgment notwithstanding the verdict.